■ JAMES CIARDIELLO et al., Respondents, v. DOMINICK PUGLIESE, Appellant.— In an action to set aside a conveyance of real property and to have a deed thereof declared void on the ground of fraud and deceit defendant appeals from a judgment of the Supreme Court, Richmond County, dated September 1, 1970, which set aside the deed and declared plaintiffs to be the owners in fee and which dismissed his counterclaim for assault and battery. Judgment, insofar as it relates to the real property and not to the counterclaim, reversed on the law and the facts, with costs to abide the event, and a new trial granted. Plaintiffs brought this action to set aside a deed, dated March 21, 1968, by which they conveyed the subject premises to defendant on the ground that they were induced to sign it by representations made by defendant, their son-in-law, that it was to help his credit and without knowledge that it was a deed. Defendant interposed a denial of the material allegations of the complaint and a counterclaim against the male plaintiff for assault and battery. In the opening statement by defense counsel he promised to prove that the execution of the deed was pursuant to a family arrangement whereby plaintiffs were replacing a prior deed, dated May 23, 1967, which had been thought to be lost, by which they had conveyed the premises to defendant. This had allegedly been done pursuant to an agreement, the net result of which was to permit plaintiffs to live rent free and defendant to own the premises. After the opening statements were made a conference was held between counsel and the court. At that time the court reversed itself and stated that it would not permit defendant to adduce proof in support of his claim that there had been a prior deed to him of the premises under a family arrangement and the terms of that arrangement. With this limitation on him, the defendant was hard pressed to disprove plaintiffs' claim of fraud and misrepresentation and was able to use the May 23, 1967 deed to him only on the issue of plaintiffs' credibility in stating that they had not conveyed the property prior to March 21, 1968. The jury found for plaintiffs on their claim and against defendant

on his counterclaim for assault and battery. Although defendant appeals from the entire judgment, he has not seen fit to pursue the appeal from the dismissal of his counterclaim and thus it is deemed abandoned. However, we are of the opinion that it was reversible error to deny defendant the opportunity to show the circumstances surrounding the entire transaction in an effort to establish that there was no fraud and that the 1968 deed was signed merely as a replacement for the 1967 one. The testimony defendant wished to introduce would have, if believed, established that he held title before the alleged misrepresentation was made and thus that there was no truth in the plaintiffs' claim. Alternatively it could have established that even if plaintiffs were deceived into signing the 1968 deed defendant had title at that time and thus plaintiffs had sustained no damage as a result thereof. The error was further compounded by the court which had instructed the jury that what was said in the openings was a promise and if it were not kept it would be a strike against that side. Under the facts at bar the defendant was prohibited from fulfilling its promise of proof by the court's in-conference ruling. Thus, the jury was never informed that defendant's failure to adduce proof on the claim was a result of the court's action and not the unavailability of such proof. At the new trial which we order the defendant should be afforded a full opportunity to establish the circumstances surrounding the various deeds of the premises and the agreements under which they were made. Hopkins, Acting P. J., Martuscello, Christ, Brennan and Benjamin, JJ., concur.